UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLENE G.,

                Plaintiff,

   v.                                          5:24-CV-36
                                                   (AMN/DJS)

MARTIN O'MALLEY, *Commissioner of Social Security*,

                Defendant.
_____

**APPEARANCES:**                            **OF COUNSEL:**

OLINSKY LAW GROUP             HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     JASON P. PECK, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 12-14.  For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.

## I. RELEVANT BACKGROUND

### A.  Background

Plaintiff was born in 1972.  Dkt. No. 9, Admin. Tr. ("Tr."), p. 54.  The ALJ found that Plaintiff had no relevant past work.  Tr. at p. 25.  Plaintiff alleged disability based upon learning disabilities, seizures, depression, and diabetes.  Tr. at p. 55.  Plaintiff's application was initially denied in June 2021, Tr. at pp. 99-102, and upon reconsideration in September 2021.  Tr. at pp. 104-111.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. at pp. 112-114, and the hearing took place before ALJ Elizabeth Koennecke on May 17, 2022.  *See* Tr. at p. 10.[2]  A supplemental hearing was then held on January 11, 2023, where additional testimony was taken from a vocational expert.  Tr. at pp. 44-52.  On January 27, 2023, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 10-27.  On December 8, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

---

[2] The record does not appear to contain a transcript of this hearing.

## B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 10, 2021, the alleged onset date. Tr. at p. 13. Second, the ALJ found that Plaintiff had the severe impairment of "intellectual disorder also characterized as a learning disorder." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 14. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels:

> with the following non-exertional limitations: she can understand and follow simple instructions and directions; perform simple tasks independently; maintain attention and concentration for simple tasks; regularly attend to a routine and maintain a schedule; can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require the claimant to supervise or manage the work of others; should avoid work requiring more complex interaction or joint effort to achieve work goals; and can tolerate superficial contact with the public.

Tr. at p. 16. Fifth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 25. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities, there were jobs in the national economy she could perform. Tr. at pp. 25-26. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 27.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

5

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of her findings. *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("A court 'cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.'") (quoting *Morgan on behalf of Morgan v. Chater*, 913 F. Supp. 184, 188-89 (W.D.N.Y. 1996)); *Booker v. Astrue*, 2011 WL 3735808, at *5 (N.D.N.Y. Aug 24, 2011) ("The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court.") (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). "The ALJ must 'build an accurate and logical bridge from the evidence to [the] conclusion to enable a meaningful review.'" *Hickman ex rel.*

*M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).  Having reviewed the record and considered the arguments of the parties, the Court recommends that the matter be remanded to provide the ALJ an opportunity to more fully explain the determination that the Plaintiff is not disabled.

While it is the prerogative of the ALJ to evaluate and credit the various medical opinions in the record, *Rebecca S. v. O'Malley*, 2024 WL 3298956, at *4 (N.D.N.Y. Apr. 15, 2024), *report and recommendation adopted*, 2024 WL 2889127 (N.D.N.Y. June 10, 2024), the "ALJ is required to explain how [s]he arrived at h[er] decision." *Keli Ann D. v. Comm'r of Soc. Sec.*, 2024 WL 3493274, at *4 (N.D.N.Y. July 22, 2024). The ALJ failed to do so here with respect to the opinion of P. Fernandez, Ph.D, a state agency consultant.  The ALJ found the opinion "generally persuasive," but offers a limited, and largely conclusory one sentence justification for doing so.  Tr. at p. 25.  That conclusion also appears to be inconsistent with the ALJ's consideration and partial rejections of other opinions in the record.  For example, the ALJ appears to have discounted the consultative opinion of Jeanne Shapiro, Ph.D., to some extent based on her use of "vague" terms like mild, moderate, and marked.  Tr. at p. 24.  The Fernandez opinion uses the same terms, but the ALJ does not take exception to the usage there.  Tr. at pp. 25 & 84-87.  Similarly, the ALJ found Dr. Shapiro's finding that Plaintiff had a moderate limitation regarding maintaining regular attendance unsupported by the record, Tr. at p. 24, but made no comment about Dr. Fernandez having made the same

finding. Tr. at pp. 25 & 85. An ALJ need not rely on an entire opinion and may choose to rely on only portions thereof, but in doing so must offer explanations for those findings. *Ryan H. v. Comm'r of Soc. Sec.*, 2021 WL 4059327, at *7 (W.D.N.Y. Sept. 7, 2021) ("an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions."). The ALJ's failure to do so here warrants remand.

The Court also recommends that remand is required with regard to the ALJ's Step 5 determination. The ALJ's RFC finding limited Plaintiff to following simple instructions and directions. Tr. at p. 16. At Step 5, the ALJ found that Plaintiff could perform work as a packer, agricultural produce, kitchen helper, hand packager, and marker. Tr. at p. 26. The ALJ clearly relied on the testimony of the vocational expert in reaching that conclusion. *See* Tr. at pp. 48-49. However, the Dictionary of Occupational Titles ("DOT") descriptions for those positions, as provided by Defendant, require an ability to "carry out detailed but uninvolved written or oral instructions" for each of those positions. *See* Dkt. Nos. 13-1–13-4. The ALJ has a responsibility to ask a vocational expert whether and how his testimony conflicts with the DOT, and to obtain a reasonable explanation if an apparent conflict does exist. *See* SSR 00-4p, 2000 WL 1898704; *see also Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 446 (2d Cir. 2012) (noting that "a VE whose evidence conflicts with the DOT must provide a 'reasonable explanation' to the ALJ for the conflict"); *Brodbeck v. Astrue*, 2008 WL 681905, at *9 (N.D.N.Y. Mar. 7, 2008) ("If a conflict exists between the evidence provided by the

expert and the DOT, the ALJ must determine whether the expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT."). The record here establishes that this was done with respect to issues involving teamwork requirements for the positions listed, Tr. at pp. 49-50, but the conflict between the RFC and the DOT job requirements regarding detailed instructions was neither discussed nor resolved. The cases Defendant relies on are not to the contrary. Neither *Ridley G. v. Comm'r of Soc. Sec.*, 2021 WL 4307507 (N.D.N.Y. Sept. 22, 2021) nor *Celia A.B. v. Comm'r of Soc. Sec.*, 2022 WL 4225540 (N.D.N.Y. Sept. 13, 2022) address the issue of a conflict between a RFC finding and the express job descriptions in the DOT. Instead, each addresses the general issue of the scope of work that can be done for jobs with a reasoning level of two – which is not the issue forming the basis for remand. *See* Def.'s Mem. of Law at pp. 9-10 (quoting from those decisions, but not addressing specific DOT job requirements). The unexplained conflict between the RFC and the stated job requirements renders the ALJ's Step 5 determination unsupported by substantial evidence and warrants remand.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DISMISSED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REVERSED** and the matter **REMANDED** pursuant to sentence four; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 10, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge