UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLENE L. G.,

                        Plaintiff,

      v.                                                                 5:24-cv-00036 (AMN/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.
_____

**APPEARANCES:**                                                        **OF COUNSEL:**

**OLINSKY LAW GROUP**                               **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**        **JASON P. PECK, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.    INTRODUCTION

On January 9, 2024, Plaintiff Charlene L. G.[1] commenced this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

("SSI") under the Social Security Act.  Dkt. No. 1 ("Complaint").  Plaintiff sought and received leave to proceed *in forma pauperis*.  Dkt. Nos. 7–8.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on October 10, 2024, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, and reverse and remand the Commissioner's decision for further proceedings.  Dkt. No. 15 ("Report-Recommendation").  Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 10.[2]  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee note to 1983 addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

*Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart concluded that remand was warranted to provide the Commissioner an opportunity to set forth a more complete rationale for the determination that Plaintiff is not disabled. Dkt. No. 15 at 6–7. Specifically, Magistrate Judge Stewart found that the administrative law judge ("ALJ") did not sufficiently explain her consideration of a medical opinion from a state agency consultant, *id.* at 7–8, nor her finding, at the final step of the five-step sequential analysis utilized by the Commissioner, that Plaintiff could perform certain jobs, *id.* at 8–9. As it relates to those jobs, Magistrate Judge Stewart found that the ALJ did not explain a potential conflict between the testimony of the vocational expert ("VE") and the relevant descriptions from the Dictionary of Occupational Titles ("DOT"). *Id.* at 8–9.

The Court agrees with Magistrate Judge Stewart's conclusion for the reasons set forth in the Report-Recommendation. *See, e.g., Ryan H. v. Comm'r of Soc. Sec.*, No. 20-cv-6035, 2021 WL 4059327, at *7 (W.D.N.Y. Sept. 7, 2021) ("[A]n ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions.") (citations omitted); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 446 (2d Cir. 2012) ("[A] VE

whose evidence conflicts with the DOT must prove a 'reasonable explanation' to the ALJ for the conflict.") (citations omitted).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 15; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 6, 2024
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

4